```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
     DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) **D.C. CR. No. 1996-090-01** |
| | ) |
| v. | ) Ref: D.C. CV. NO. 2002-044 |
| | ) |
| **KEENE COURTNEY QUEENSBOROUGH,** | ) |
| Defendant. | ) |
| _____ | ) |

## O R D E R

Before the Court is Defendant Keene Courtney Queensborough's ("Queensborough") motion to modify his sentence pursuant to 18 U.S.C. § 3582(c), Amendment 599 of the United States Sentencing Guidelines ("U.S.S.G.") § 2K2.4.

Queensborough pled guilty on November 13, 1998 to the assimilated crime of aggravated rape in violation of 14 V.I.C. §§ 1700(c) and 1701(2) and 18 U.S.C. §§ 2 and 13; and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (2).[1]  On August 19, 1999, Queensborough was sentenced to 20 years (240 months) imprisonment on the aggravated rape charge and 60 months on the firearm charge to be served consecutively pursuant to U.S.S.G. § 2K2.4 and 18 U.S.C. § 924(c) for a total sentence of 300 months.  He appealed

_____

[1]     Counts I through VI charged violations of territorial law, five of which were assimilated into federal law pursuant to the Assimilative Crimes Act ("ACA), 18 U.S.C. § 13(a). Count VII charged a violation of, 18 U.S.C. § 924(c)(1) and (2), a federal criminal statue.

*USA v. Queensborough*
D.C. CR. NO. 1996-090
Order
Page 2

his sentence challenging the Court's upward departure under the federal sentencing guidelines.  On September 15, 2000, the Court of Appeals for the Third Circuit ("Court of Appeals") affirmed Queensborough's sentence.  *United States v. Queensborough*, 227 F.3d 149 (3d Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001).

In the instant *pro se* motion pursuant to § 3582(c)(2),[2] Queensborough requests that the U.S. Probation Office revise his Presentence Report ("PSR")[3] thereby entitling him to a reduction in his sentence under Amendment 599 to the U.S.S.G. which has retroactive effect by virtue of U.S.S.G. § 1B1.10(c).  No response was sought from the government.

In Amendment 599, which became effective on November 1, 2000, the Sentencing Commission attempted to avoid "punish[ing] substantially the same conduct twice," and provided that where a defendant is convicted of an 18 U.S.C. § 924(c) offense for using a firearm during an in relation to a crime of violence the defendant cannot also receive a base offense level enhancement in the underlying offense for his use of a firearm during the commission of that offense.  *See United States v. Brown*, 332 F.3d

---

[2]     Title 18 U.S.C. § 3582(c)(2) allows a sentencing court to reduce a prisoner's term of imprisonment, consistent with the factors set forth in 18 U.S.C. § 3553(a), where the defendant has been sentenced pursuant to a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(*o*).

[3]     Queensborough's PSR, was prepared using the 1998 U.S.S.G. Manual.

*USA v. Queensborough*
D.C. CR. NO. 1996-090
Order
Page 3

1341, 1342 (11th Cir. 2003); *see also United States v. White,* 305

F.3d 1264, 1266 (11th Cir. 2002); U.S.S.G. App. C, Amend. 599

(2003) (codified as amended at U.S.S.G. § 2K2.4 cmt. n.4).

    Queensborough was charged in Count I with local aggravated

rape offenses,[4] and the most analogous U.S.S.G. section was

applied, that being U.S.S.G. § 2A3.1 (Criminal Sexual Abuse), which

was used as the underlying offense in his U.S.S.G. calculation.[5]

A base offense level of 27 was established.   A four-point

enhancement was then applied in accordance with U.S.S.G. §

2A3.1(b)(1) which provides that "[i]f the offense was committed by

the means set forth in 18 U.S.C. § 2241(a) or (b) (including, but

not limited to, the use or display of any dangerous weapon),

increase by 4 levels."  Additional points were added in accordance

with 2A3.1(b)(5) which allows for 4-level increase "[i]f the victim

was abducted."  Therefore, Queensborough's adjusted offense level

was 35.  He received a reduction of two (2) points for acceptance

of responsibility, and a one-point reduction for timely notice of

his intent to plead guilty.  Ultimately, his total offense level

was 32.   In addition to the aggravated rape, Queensborough was

---

    [4]    14 V.I.C. §§ 1701(2) and 1700(c)

    [5]    "Amendment 599 affects only the enhancements or adjustments made
in the underlying sentence." *United States v. Hicks*, 351 F.Supp.2d 694, 695
(E.D. Mich. 2005).

*USA v. Queensborough*
D.C. CR. NO. 1996-090
Order
Page 4

also convicted on Count VII for gun possession under § 924(c)[6] which carries a mandatory five-year sentence.  *See* U.S. SENTENCING GUIDELINES MANUAL § 2K2.4(a) (1998) ("If the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. § 844(h), § 924(c), or § 929(a), the term of imprisonment is that required by statute.")

There is no dispute that Queensborough received a four-level enhancement under U.S.S.G. § 2A3.1(b)(1), and that under the revised amendment he would not have received that enhancement.  In fact, the Application Notes to U.S.S.G. § 2K2.4, states that:

> 18 U.S.C. §§ 844(h), 924(c), and 929(a) provide mandatory minimum penalties for the conduct proscribed.  To avoid double counting, when a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for explosive or firearm discharge, use, or possession is not applied in respect to such underlying offense.

*Id.* § 2K2.4 cmt. background (1998).  On this point, Mr. Queensborough's motion has merit.

In light of Amendment 599, Queensborough's PSR should reflect an offense level computation as follows: a base offense level of 27, and a 4-level increase because the victim was abducted, thereby taking the adjusted offense level to 31.  Then, subtract two (2) points for his acceptance of responsibility, and one (1) point for

---

[6]       The statutory penalty on Count VII pursuant to 18 U.S.C. § 924(c) is a "term of imprisonment of not less than 5 years."

*USA v. Queensborough*
D.C. CR. NO. 1996-090
Order
Page 5

timely notice of his intent to plead guilty.  His total adjusted
offense level would then be 28, giving him a U.S.S.G. range of 78-
97 months on the aggravated rape.  The minimum term of imprisonment
for aggravated rape (Count I) was 10 years and the maximum penalty
was life imprisonment pursuant to 14 V.I.C. §§ 1701(2) and 1700(c).
As mentioned previously, this would be combined with
Queensborough's mandatory five-year consecutive sentence for his
conviction on Count VII, gun possession during the aggravated rape
under § 924(c).[7]  However, the Court's inquiry does not end here.

   In reviewing the instant motion, this Court finds that
although there was an impermissible enhancement pursuant to §
2A3.1(b)(1), Queensborough's sentence ultimately would not change.
Here, the sentence imposed departed from the U.S.S.G. in accordance
with § 5K2.8(Extreme Conduct) but was still within the statutorily
prescribed sentence range for aggravated rape, which was a minimum
term of ten years and a maximum term of life imprisonment.[8]
Moreover, Section 2K2.4 recommends an upward departure to

---

   [7]    The statutory penalty on Count VII pursuant to 18 U.S.C. § 924(c)
is a "term of imprisonment of not less than 5 years."

   [8]    The policy statement set forth in the U.S.S.G. pertaining to
"extreme conduct" provides as follows:

   If the defendant's conduct was unusually heinous, cruel, brutal, or
   degrading to the victim, the court may increase the sentence above
   the guideline range to reflect the nature of the conduct.  Examples
   of extreme conduct include torture of a victim, gratuitous
   infliction of injury, or prolonging of pain or humiliation.

U.S. SENTENCING GUIDELINES MANUAL § 5K2.8.

*USA v. Queensborough*
D.C. CR. NO. 1996-090
Order
Page 6

compensate for not being able to apply the enhancement, with the reason for the upward departure being to reflect the seriousness of the offense. *See* U.S. SENTENCING GUIDELINES MANUAL § 2K2.4 applic. n.2 (1998); *see, e.g., United States v. Colon-Rivera*, 185 F.Supp.2d 147 (D.P.R. 2002) (noting under similar circumstances that "the application note advises that an upward departure may be warranted so that a conviction under 18 U.S.C. § 924(c) does not result in a decrease in the total punishment. This is warranted so long as the upward departure does not exceed the maximum guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 924(c)."). This Court's upward departure in Queensborough's sentence was upheld on appeal.[9] As such, the Court has no valid basis to reduce Queensborough's sentence.

For the reasons stated, it is hereby

**ORDERED** that Queensborough's motion is **GRANTED** in part, only insofar as it requests that the U.S. Probation Office revise his PSR in accordance with Amendment 599 of the U.S.S.G. § 2K2.4; and

---

[9]    The Court of Appeals examined this Court's upward departure; found the basis for departure to be valid; and upheld Queensborough's sentence. The Court of Appeals held *inter alia* that: (1) Queensborough's PSR identified a ground for upward departure based on extreme conduct; (2) Queensborough's conduct, as detailed in the PSR, was unusually heinous, cruel, brutal, and degrading to the victims as required by U.S.S.G. 5K2.8, and he did not lack notice of the factual basis for the departure; (3) the District Court did not err in characterizing the events as degrading and Queensborough's conduct as extreme; and (4) the District Court did not abuse its discretion in departing upward to the degree it did in this case. *United States v. Queensborough*, 227 F.3d 149 (3d Cir. 2000).

*USA v. Queensborough*
D.C. CR. NO. 1996-090
Order
Page 7

further

**ORDERED** that Queensborough's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c), Amendment 599 of the United States Sentencing Guidelines ("U.S.S.G.") § 2K2.4 is **DENIED.**

**E N T E R:**


/s/ CURTIS V. GÓMEZ
_____
**CURTIS V. GÓMEZ**
**CHIEF JUDGE**